# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CONTAGIOUS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**GROUPON, INC., and DOES 1-5,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO MODIFY THE STANDARD PROTECTIVE ORDER**<br><br>**Case No. 2:18-cv-00235-TC-PMW**<br><br>**District Judge Tena Campbell**<br><br>**Chief Magistrate Judge Paul M. Warner** |

District Judge Tena Campbell referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Groupon, Inc's ("Defendant") motion to amend the Standard Protective Order (the "Motion").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah ("Local Rules"), the court has concluded that oral argument is not necessary and will decide the Motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## ANALYSIS

Pursuant to Local Rule 26-2, "[u]nless the court enters a different protective order . . . the Standard Protective Order [("SPO")] . . . shall govern and discovery under the [SPO] shall proceed." DUCivR 26-2(a)(1). The Motion seeks an order modifying four provisions of the SPO

---

[1] *See* docket no. 17.

[2] *See* docket no. 37.

Plaintiff Contagious, LLC ("Plaintiff") opposes the Motion.[3] For the reasons set forth below, the Motion is denied.

The SPO allows "representatives, officers, or employees of a party ("ROE") as necessary to assist outside counsel with this litigation" to view documents marked confidential.[4] Defendant asserts that this provision "essentially eviscerates the [confidential] designation."[5] Defendant argues that the SPO should be modified to prohibit the parties from disclosing confidential documents to ROE, and in the event ROE need to view documents designated as confidential, the party "should reach an agreement with the producing party or file a motion with the court."[6]

The court disagrees that this provision of the SPO "eviscerates" the confidential designation. Moreover, in the court's view, Defendant's proposed modification invites unnecessary discovery motions this court would need to resolve. Such motions would be a waste of the court's – and the parties' – time and resources. Accordingly, this requested modification is denied.

---

[3] As Defendant points out in its reply memorandum, Plaintiff's opposition was untimely. Pursuant to Local Rule 37-1, "[t]he opposing party must file its response five business days after the filing of the Motion." DUCivR 37-1(6). Plaintiff did not file its response until September 10, 2018, seventeen (17) days after the deadline. However, Local Rule 37-1 also does not provide for the filing of a reply memorandum, which Defendant filed. Nevertheless, the court has concluded that Defendant's request for a modification of the SPO should be denied based on the Motion alone.

[4] SPO at 11, *available at* http://www.utd.uscourts.gov/usdc-forms.

[5] Docket no. 37 at 2.

[6] *Id*.

Second, Defendant argues that "the disclosure of an expert's identity would be a disclosure of work product."[7] The SPO requires disclosure of the identity of experts and permits expert fact depositions if a party can show "a good faith, demonstrable basis independent of the Disclosure Agreement or the information provided under subparagraph (a) that [the expert] possesses facts relevant to this action, or facts likely to lead to the discovery of admissible evidence."[8] Defendant proposes that the SPO be modified to not require disclosure of an expert's identity and to prohibit expert fact depositions.

The court again disagrees with Defendant. The SPO is the default protective order, automatically governing disclosure in every case, and works well in the majority cases. The court is unpersuaded by Defendant's suggestion that this court mandates the disclosure of work product by the terms of its own SPO. Moreover, Defendant has not demonstrated any circumstances unique to this case which warrant a blanket prohibition on expert fact depositions. Instead, Defendant again merely attacks the SPO itself. The court believes that the SPO reasonably restricts discovery of counsel's work with consultants and experts. No modification is necessary. If the court thought otherwise, the SPO would not be standard. Therefore, this requested modification is also denied.

Next, Defendant proposes that, "when a receiving party believes that a producing party has inadvertently produced privileged information . . . [t]he receiving party should be obligated to notify the producing party of such circumstances."[9] The Motion provides no basis for this

---

[7] Docket no. 37 at 3.

[8] SPO at 6.
[9] *Id*.

proposed modification. The court reiterates that the SPO is standard for good reason. In addition, the court notes that Rule 26 of the Federal Rules of Civil Procedure addresses the disclosure of privileged information. *See* Fed. R. Civ. P. 26(b)(5)(B). Rule 26 places the burden on the producing party to notify the receiving party of the disclosure of privileged information. Absent a stipulation from the parties or some articulation of good cause for the modification, this court will not require more of the receiving party than the Federal Rules of Civil Procedure or the SPO. Thus, this requested modification is also denied.

Finally, Defendant proposes modifying the SPO to reflect the parties' agreement regarding the disclosure date of the identity of their experts. Since the Motion was filed, an amended scheduling order[10] was entered which sets the deadline for disclosure of expert identities. Therefore, the court concludes that modifying the SPO is unnecessary.

## **CONCLUSION**

For all the foregoing reasons, the Motion[11] is hereby DENIED.

IT IS SO ORDERED.

DATED this 20th day of November, 2018.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge

---

[10] *See* docket no. 53.
[11] *See* docket no. 37.